IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BILLY RAY PHIFFER,**

       **Plaintiff,**

v.

**DEPARTMENT OF CORRECTIONS COLUMBIA RIVER CORRECTIONAL INSTITUTE, a State of Oregon public entity, and DEPARTMENT OF CORRECTIONS SANTIAM CORRECTIONAL INSTITUTE, a State of Oregon public entity,**

       **Defendants.**

**00-CV-1652-BR**

**OPINION AND ORDER**

**ROGER HENNAGIN**
Roger Hennagin P.C.
8 North State Street, Suite 300
Lake Oswego, OR  97034
(503) 636-0400

       Attorney for Plaintiff

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**JOHN CLINTON GEIL**
**SETH T. KARPINSKI**
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97310
(503) 378-6313

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#68). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted and, if disputed, are stated in the light most favorable to Plaintiff.

Plaintiff is a resident of Texas. From July 1997 to November 1997, Plaintiff was incarcerated in Oregon at the Santiam Correctional Institution (SCI). From November 1997 to March 1998, Plaintiff was incarcerated in Oregon at the Columbia River Correctional Institution (CRCI). In April 1998, Plaintiff was transferred back to SCI and remained there until December 1998.

While at CRCI, Plaintiff enrolled in the Transitional Mental

2 - OPINION AND ORDER

Health Program, which met twice a week for one hour each time. In March 1998, CRCI transferred Plaintiff to the Pathfinders Program, which met five days a week for three hours each time. Plaintiff attended the Pathfinders Program at CRCI from March 1998 to April 1998.  When Plaintiff was transferred to SCI in April 1998, he was instructed to continue the Pathfinders Program.  Plaintiff attended the Pathfinders Program at SCI from April 1998 through December 1998 and completed the program.

Both the Transitional Mental Health Program and the Pathfinders Program are funded by the federal government.

Plaintiff suffers from osteoarthritis and osteoporosis.  As a result, Plaintiff was unable to sit continuously for the three hours of the Pathfinders Program held five days per week. Plaintiff, therefore, requested Defendants to return him to the Transitional Mental Health Program or, alternatively, to reasonably accommodate him for his disabilities.  Defendants denied his request to transfer back to the Transitional Mental Health Program, but they accommodated him by allowing him (1) to stand up or to lay down on the floor whenever he wished during the Pathfinders sessions, (2) to bring a pillow to Pathfinders sessions, (3) to return to his bunk after each session and to rest or to sleep as long as he needed, (4) to sleep in a lower bunk, and (5) to use a cane.

**PROCEDURAL BACKGROUND**

On November 30, 2000, Plaintiff filed a Complaint in which he asserts three claims:  (1) unlawful discrimination on the basis of a disability in violation of Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132; (2) unlawful discrimination on the basis of a disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and (3) negligence under the Oregon Tort Claims Act (OTCA), Oregon Revised Statutes § 30.265.  Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs.

On June 22, 2001, Defendants filed a Motion for Judgment on the Pleadings on the ground that Defendants are immune from private actions brought under Title II of the ADA and § 504 of the Rehabilitation Act pursuant to the Eleventh Amendment because they are state-government entities.  On September 17, 2001, the Court denied Defendants' Motion and concluded (1) Defendants are not immune under the Eleventh Amendment from liability under Title II of the ADA and (2) Defendants waived their Eleventh Amendment immunity in a discrimination action brought pursuant to § 504 of the Rehabilitation Act by receiving federal funds.

On October 31, 2001, the Court stayed further proceedings in this matter while Defendants appealed the Court's decision to the Ninth Circuit.  On September 21, 2004, the Ninth Circuit affirmed the Court's decision and remanded the matter to this Court for

4 - OPINION AND ORDER

further proceedings.

On October 13, 2006, Defendants filed a Motion for Summary Judgment on the ground that Plaintiff cannot satisfy the required elements of his claims for negligence, failure to accommodate under the ADA, and discrimination under or the Rehabilitation Act.

**STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  The moving party must show the absence of an issue of material fact.  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Easter v. Am. W. Fin.*

5 - OPINION AND ORDER

381 F.3d 948 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

## DISCUSSION

Defendants contend Plaintiff cannot satisfy the required elements for any of his claims.

**I.  Plaintiff's Claim under Title II of the ADA.**

Plaintiff contends Defendants discriminated against him under Title II of the ADA because they did not provide him with a reasonable accommodation to make his time at the Pathfinders

6 - OPINION AND ORDER

Program less painful.

Title II of the ADA provides:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  The ADA defines "public entity" to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(B).

To state a claim under Title II of the ADA, Plaintiff must establish:  (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and (3) the exclusion, denial of benefits, or discrimination was by reason of Plaintiff's disability.  *See Does 1-5 v. Chandler*, 83 F.3d 1150, 1154 (9th Cir. 1996).  Defendants concede Plaintiff is a qualified individual with a disability.

### A. Defendants Did Not Exclude Plaintiff from Participation In or Deny Plaintiff the Benefits of a Program, Service, or Activity.

Defendants contend Plaintiff has not established that Defendants excluded him from participation in the Pathfinders Program by reason of his disability.  Plaintiff concedes he has not established this element of a claim under Title II of the

7 - OPINION AND ORDER

ADA.

The record reflects Plaintiff participated in the Pathfinders Program and successfully completed it. Accordingly, the Court finds Plaintiff has not satisfied the second element required to state a claim under Title II of the ADA.

**B.   Defendants Reasonably Accommodated Plaintiff.**

Although § 12132 does not expressly provide for reasonable accommodations, Congress entrusted the Attorney General with the authority to promulgate regulations defining the scope of the prohibitions set forth in Title II. 42 U.S.C. § 12134(a). Pursuant to his authority, the Attorney General promulgated 28 C.F.R. § 35.130(b)(7), which provides:

> A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

Accordingly, Defendants were required to reasonably accommodate Plaintiff's disability with respect to his participation in the Pathfinder Program.

As noted, Defendants accommodated Plaintiff with respect to his participation in the Pathfinders Program by allowing him (1) to stand up or to lay down on the floor whenever he wished during the sessions, (2) to bring a pillow to the sessions, (3) to return to his bunk after each session and to

8 - OPINION AND ORDER

rest or to sleep for as long as he needed, (4) to sleep in a lower bunk, and (5) to use a cane.

Nevertheless, Plaintiff contends Defendants failed to accommodate him by refusing to allow him to return to the Transitional Mental Health Program.  Until Title II, however, Plaintiff does not have a right to his choice of accommodation. *See Memmer v. Marin County Cts.*, 168 F.3d 630, 634 (9th Cir. 1999).  When an individual is provided with an accommodation other than the one requested, the individual must establish the accommodation offered was unreasonable.  *Id.*

Plaintiff contends he was uncomfortable sitting in the Pathfinders Program, but the record reflects Defendants allowed Plaintiff to move around, to stand, to lie down, to use a cane, and to bring a pillow.  In other words, the accommodation allowed for a variety of positions and movement during the three-hour sessions.

The Court, therefore, concludes on this record that a reasonable juror could not find Defendants failed to reasonably accommodate Plaintiff.

### C.   **Plaintiff Has Not Established Defendants Excluded Him Because of His Disability.**

Even if Plaintiff satisfied the first two elements required to state a claim under Title II of the ADA, Plaintiff has not produced any evidence to establish that he was excluded from any program because of his disability.  To the contrary,

9 - OPINION AND ORDER

Plaintiff testified in his 2001 deposition that Defendants denied his request to transfer back to the Transitional Mental Health Unit because Plaintiff was "working on his legal endeavors."  In his 2004 deposition, Plaintiff testified Defendants placed him in the Pathfinders Program because the Department of Corrections received more federal funds for Plaintiff's participation in the Pathfinders Program than in other programs.  Thus, Plaintiff does not offer any evidence that suggests Plaintiff's disability was the basis for any adverse action by Defendants.  The Court, therefore, concludes Plaintiff has not established this element as required under Title II of the ADA.

Based on this record, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's ADA claim.

**II.  Plaintiff's Claim under the Rehabilitation Act.**

The Rehabilitation Act provides:

> [N]o otherwise qualified individual with a disability . . . shall, solely by reason of . . . his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794.

This section of the Rehabilitation Act requires a plaintiff to satisfy the same elements as Title II of the ADA with one addition:  The plaintiff also must show the program or activity from which he was excluded receives federal financial assistance. 29 U.S.C. § 794(a).  *See also Lovell v. Chandler*, 303 F.3d 1039,

10 - OPINION AND ORDER

1052 (9th Cir. 2002).

Defendants acknowledged the Pathfinder and the Transitional Mental Health Programs are funded by the federal government, and, therefore, the remaining analysis of Plaintiff's claim under the Rehabilitation Act is the same as that under Title II of the ADA. As a result, Plaintiff's claim under the Rehabilitation Act fails for the same reasons that Plaintiff's claim failed under Title II of the ADA. *See Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045, n.11 (9th Cir. 1999) ("[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

Accordingly, the Court grants Defendants' Motion for Summary Judgment as to Plaintiff's claim under the Rehabilitation Act.

### III. Plaintiff's State-Law Negligence Claim.

To state a negligence claim, Plaintiff must establish:

> "(1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent."

*Slogowski v. Lyness*, 324 Or. 436, 441 (1996)(quoting *Solberg v. Johnson*, 306 Or. 484, 490-91 (1988)).

Defendants contend, among other things, their conduct was not unreasonable and Plaintiff has not established he was harmed

11 - OPINION AND ORDER

by his participation in Pathfinders.

As the Court concluded earlier, there is not any jury question as to whether Defendants reasonably accommodated Plaintiff's physical limitations during the Pathfinders Program. In addition, Plaintiff testified in his deposition that he did not believe his participation in the Pathfinders Program caused him any specific injury, and he did not provide the Court with any medical evidence to establish that his claim that his participation in the Pathfinders Program caused him harm. The Court, therefore, concludes a reasonable juror could not find Defendants' refusal to transfer Plaintiff back to the Transitional Mental Health Program was unreasonable or caused him harm in light of Defendants' efforts to accommodate Plaintiff in the Pathfinders Program.

Accordingly, the Court concludes on this record that Plaintiff has failed to establish all of the elements required to state a claim of negligence under Oregon law, and, therefore, the Court grants Defendants' Motion for Summary Judgment on Plaintiff's negligence claim.

**IV.  Defendants' Request for Reconsideration.**

In their Motion, Defendants also ask the Court to reconsider its September 17, 2001, decision that Defendants are not immune under the Eleventh Amendment from Plaintiff's ADA and Rehabilitation Act claims. The Court grants Defendants' request

for reconsideration but, having reconsidered the merits of Defendants' arguments, the Court adheres to its original conclusion.

This Court's decision that Defendants are not entitled to Eleventh Amendment immunity under Title II of ADA and that Defendants waived their Eleventh Amendment immunity under the Rehabilitation Act by accepting federal funds was affirmed by the Ninth Circuit. *See Phiffer v. Columbia River Corr. Inst.*, 384 F.3d 791 (9th Cir. 2004). Moreover, the Ninth Circuit has neither reversed its decision nor issued a decision in another case that contradicts or overturns its holding.

Accordingly, the Court adheres to its conclusion that Defendants are not immune under the Eleventh Amendment from Plaintiff's claims under either the ADA or the Rehabilitation Act.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment (#68).

IT IS SO ORDERED.

DATED this 18th day of December, 2006.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER