IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON


**BILLY RAY PHIFFER,**                          00-CV-1652-BR

        Plaintiff,

                                                 OPINION AND ORDER
v.

**DEPARTMENT OF CORRECTIONS
COLUMBIA RIVER CORRECTIONAL
INSTITUTE**, a State of Oregon
public entity, and **DEPARTMENT
OF CORRECTIONS SANTIAM
CORRECTIONAL INSTITUTE**, a
State of Oregon public
entity,

        Defendants.


**ROGER HENNAGIN**
Roger Hennagin P.C.
8 North State Street, Suite 300
Lake Oswego, OR  97034
(503) 636-0400

        Attorney for Plaintiff

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**JOHN CLINTON GEIL**
**SETH T. KARPINSKI**
Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97310
(503) 378-6313

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Attorney Fees (#100) and Bill of Costs (#95).

For the reasons that follow, the Court **DENIES** Defendants' Motion for Attorney Fees. The Court **GRANTS** Defendants' Bill of Costs and awards **$1,196.00** in costs to Defendants.

## BACKGROUND

On November 30, 2000, Plaintiff filed a Complaint in which he asserted three claims: (1) unlawful discrimination on the basis of a disability in violation of Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132; (2) unlawful discrimination on the basis of a disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and (3) negligence under the Oregon Tort Claims Act (OTCA), Oregon Revised Statutes § 30.265. Plaintiff sought injunctive relief, damages, attorneys' fees, and costs.

On June 22, 2001, Defendants filed a Motion for Judgment on the Pleadings on the ground that Defendants are immune from private actions brought under Title II of the ADA and § 504 of the Rehabilitation Act pursuant to the Eleventh Amendment because they are state-government entities.  On September 17, 2001, the Court denied Defendants' Motion and concluded (1) Defendants are not immune under the Eleventh Amendment from liability under Title II of the ADA and (2) Defendants waived their Eleventh Amendment immunity in a discrimination action brought pursuant to § 504 of the Rehabilitation Act by receiving federal funds.

On October 31, 2001, the Court stayed further proceedings in this matter while Defendants appealed the Court's decision to the Ninth Circuit.  On April 21, 2003, the Ninth Circuit affirmed the Court's decision and remanded the matter to this Court for further proceedings.  Defendants appealed the Ninth Circuit's decision to the United States Supreme Court.

On May 24, 2004, the Supreme Court granted Defendants' Petition for Writ of Certiorari, vacated the Ninth Circuit's judgment, and remanded the matter to the Ninth Circuit for further consideration in light of *Tennessee v. Lane*, 541 U.S. 509 (2004).

On September 21, 2004, the Ninth Circuit again affirmed this Court's decision and remanded the matter to this Court for further proceedings.  Defendants filed a Petition for Writ of

Certiorari with the Supreme Court. On January 17, 2006, the Supreme Court denied Defendants' Petition.

On December 19, 2006, the Court granted Defendants' Motion for Summary Judgment on the ground that Plaintiff did not establish the required elements of his claims for negligence, failure to accommodate under the ADA, or discrimination under the Rehabilitation Act.

On January 3, 2007, Defendants filed a Bill of Costs. On January 5, 2007, Defendants filed a Motion for Attorney Fees pursuant to the ADA, 42 U.S.C. § 12205, and the Rehabilitation Act, 29 U.S.C. § 794a.

## **DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Defendants seek $21,377.60 in attorneys' fees.

**I.  Standards**

The ADA provides: "In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Similarly, the Rehabilitation Act provides: "In any action . . . to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(2)(b).

Attorneys' fees "under § 12205 should be awarded to a prevailing defendant only if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)(quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997)). This standard also applies to requests for attorneys' fees brought pursuant to the Rehabilitation Act's fee-shifting provision. *See Settlegoode v. Portland Pub. Sch.*, No. CV-00-313-ST, 2002 WL 31495823, at *2 (D. Or. May 16, 2002), *rev'd on other grounds by* 371 F.3d 503 (9th Cir. 2004)(applied same standard under § 12205 to the Rehabilitation Act's fee-shifting provision, 29 U.S.C. § 794a)(citing *Halasz v. Univ. of New England*, 821 F. Supp. 40, 41 (D. Me. 1993)).

When deciding the issue of attorneys' fees, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable . . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party

5 - OPINION AND ORDER

>     may have an entirely reasonable ground for
>     bringing suit.

*Christiansburg*, 434 U.S. at 422.

## II.  Discussion

Plaintiff suffers from osteoarthritis and osteoporosis. Even though the Court ultimately concluded in its Opinion and Order issued December 19, 2006, that Defendants provided Plaintiff with reasonable accommodation, it was not a foregone conclusion at the outset of the litigation that Defendants met their burden under the ADA and the Rehabilitation Act.  Thus, although Plaintiff ultimately failed to present sufficient evidence to raise a triable issue of material fact as to whether Defendants failed to accommodate his disability or denied him access to programs or services because of his disability, the Court finds Plaintiff had a reasonable factual basis for filing this action.  His claims, therefore, were not frivolous, unreasonable, or without foundation.

Accordingly, the Court, in the exercise of its discretion, concludes Defendants are not entitled to an award of attorneys' fees.  *See, e.g., Summers*, 127 F.3d at 1154 (court denied fees to the prevailing defendant in an ADA action on the ground that the plaintiff's claims were not frivolous, unreasonable, or without foundation even though the plaintiff did not present any "material evidence" to establish a failure to accommodate).

6 - OPINION AND ORDER

**DEFENDANTS' BILL OF COSTS**

**I.   Standards**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation.  The court, however, may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

7 - OPINION AND ORDER

**II. Analysis**

Defendants incurred costs to obtain three deposition transcripts in this matter totaling $1,196.00. Plaintiff concedes Defendant is entitled to these costs. The Court agrees.

Accordingly, the Court awards costs to Defendants in the amount of **$1,196.00**.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion for Attorney Fees (#100). The Court **GRANTS** Defendants' Bill of Costs (#95) and awards **$1,196.00** in costs to Defendants.

IT IS SO ORDERED.

DATED this 13th day of April, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER